# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS KLEIN  
Plaintiff,

        v.

U.S. BANK, N.A., et al.,  
Defendants.

CIVIL ACTION NO. 3:09-cv-1705

(JUDGE CAPUTO)  
(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") of January 19, 2010 (Doc. 26) and Plaintiff's Objections to the Magistrate Judge's R&R (Doc. 27). Magistrate Judge Smyser recommended that Defendants' Motions to Dismiss be granted. This Court will adopt Judge Smyser's R & R for the reasons discussed more fully below.

## BACKGROUND

Plaintiff Dennis Klein filed his *pro se* Complaint on September 2, 2009. Plaintiff alleged that Defendants U.S. Bank, N.A. ("U.S. Bank"), Udren Law Firm Offices, P.C. ("Udren Firm"), the Pike County Court, and the Pike County Sheriff's Department had violated the RICO Act pursuant to 18 U.S.C. § 1029 for an illegal foreclosure on his home. Plaintiff alleges that he was in bankruptcy court regarding a home foreclosure from December 2006 to March of 2009, and that Defendant U.S. Bank accepted regular payments from him until his bankruptcy proceedings had finished, at which time they refused to accept payment. Plaintiff also states that it was the intention of U.S. Bank "all the long to defraud [Plaintiff] of the house." Magistrate Judge Smyser treated this allegation as a state law fraud claim. Plaintiff further alleges that the Pike County Sheriff's Office knew of the illegal activities going on and did

nothing to stop them.[1] Plaintiff's main factual allegation is that the bank refused to produce the note on his mortgage upon his request.

Each Defendant then filed a Motion to Dismiss Plaintiff's Complaint (Docs. 10, 15, 17, 22.) On January 26, 2010, Magistrate Judge Smyser entered an R & R recommending that Defendants' Motions to Dismiss be granted. (Doc. 26.) Plaintiff filed Objections on January 29, 2010. (Doc. 27.) Plaintiff's Objections do not specifically argue that any of Magistrate Judge Smyser's conclusions were incorrect. Instead, he relies on allegations of wide-spread local government corruption as evidence for his claims in the instant case. He also says he has "a court order to present evidence on March 19 (I believe it's the right date)." No repsonse was filed to these Objections.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.

---

[1] Magistrate Judge Smyser treated this allegation as a claim brought pursuant to 42 U.S.C. § 1983 based on due process violations. As noted in the R & R, Plaintiff admitted that he could not make out a claim for a due process violation in his Brief in Opposition to the Motions to Dismiss. He stated that the Court "can dismiss the sheriff part" because "he was only following order (sic) from the judge in pke (sic) country (sic) court." (Doc. 25.)

2

*See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

### I. Civil RICO Action

18 U.S.C. § 1964(c), allows "[a]ny person injured in his business or property by violation of section 1962 of this chapter" to file a civil action under RICO Act. 18 U.S.C. § 1962 consists of four subsections outlining prohibited activities. The first three subsections all require that a person be involved with "a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(a)-(c). The fourth subsection makes it unlawful to conspire to violated any of the first three subsections.

"Racketeering activity" includes a violation of 18 U.S.C. § 1029. *See* 18 U.S.C. § 1961(1). That section pertains to "fraud and related activity in connection with access devices." 18 U.S.C. § 1029. Plaintiff has not alleged any activity whatsoever involving a access devices as defined in the statute. *See* 18 U.S.C. § 1029(e).

"Unlawful debts" refer to debts that are 1) "incurred or contracted in gambling activitiy . . . or unenforceable under State and Federal law in whole or in part as to principal or interest because of the laws relating to usury," and 2) "incurred in connection with the business of gambling . . . or the business of lending money or a thing of value at a rate usurious under

3

State or Federal law, where the usurious rate is at least twice the enforceable rate." Plaintiff has not alleged that any of the debts in this case were incurred through gambling activity or were in violation of usury laws.

Therefore, because Plaintiff has neither alleged a pattern of racketeering activity or the collection of unlawful debt, there is not violation of §18 U.S.C. § 1962. As such, his RICO claims against all Defendants will be dismissed.

### II.    State Law Fraud Claim

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise its supplemental jurisdiction over state law claims where it "has dismissed all claims over which it has original jurisdiction." Accordingly, this Court will decline supplemental jurisdiction over any state law fraud claims.

### III.    Plaintiff's Objections

First, Plaintiff's claims of local government corruption have absolutely no bearing on the claims at issue in the case at bar. From what the Court can surmise, the Plaintiff's claim that he has a court order allowing him to present evidence is a reference to the Case Management Order issued on September 29, 2009. That order set March 29, 2010 as the discovery deadline for this case. (Doc. 21.) However, this deadline is only pertinent to the extent that Plaintiff's pleadings have set forth a cause of action sufficient to survive a Rule 12(b)(6) motion to dismiss. As discussed above, Plaintiff's Complaint cannot survive Defendants' Motions to Dismiss, and he is therefore not entitled to present further evidence of his claims, as he has not alleged facts that would form these claims in the first place.

4

## **CONCLUSION**

As the Court has found that Defendants' Motions to Dismiss should be granted, it will adopt Magistrate Judge Smyser's Report and Recommendation. An appropriate Order follows.

February 25, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS KLEIN | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:09-cv-1705 |
| v. | : | |
| | : | |
| U.S. BANK, N.A., et al., | : | (JUDGE CAPUTO) |
| Defendants. | : | (MAGISTRATE JUDGE SMYSER ) |

## ORDER

**NOW**, this  25th  day of February, 2010, after consideration of Magistrate Judge Smyser's Report and Recommendation recommending that Defendants' Motions do Dismiss be granted and Plaintiff's objections to the Magistrate Judge's Report and Recommendation,

**it is hereby ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **ADOPTED**.

3. Defendants' Motions to Dismiss (Docs. 10, 15, 17, 22) are **GRANTED** on all federal causes of action. These claims are **DISMISSED**.

4. The Court declines jurisdiction over the remaining state law claims pursuant to 28 U.S.C. 1367(c)(3). These claims are **DISMISSED without prejudice.**

5. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

                                                   /s/ A. Richard Caputo  
                                                   A. Richard Caputo  
                                                   United States District Judge